UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURA DIEGUEZ,

                  Plaintiff,

-against-

NANCY A. BERRYHILL,
  Acting Commissioner of Social Security,

                  Defendant.

**OPINION AND ORDER**

15 Civ. 2282 (ER) (PED)

Ramos, D.J.:

      Laura Dieguez ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) challenging the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability benefits. Pending before the Court are the parties' cross-motions for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). On February 28, 2017, Magistrate Judge Paul E. Davison issued a Report and Recommendation ("R&R"), recommending that Defendant's motion be granted and Plaintiff's motion be denied. Plaintiff filed timely objections to the R&R.

      For the reasons stated herein, Defendant's motion is GRANTED and Plaintiff's motion is DENIED.

**I. BACKGROUND**

    **A. Factual and Procedural History**

      On January 31, 2012, Plaintiff applied for Social Security disability and Supplemental Security Income ("SSI") benefits, claiming that she suffered from chronic asthma, multiple hernias, fibromyalgia, cervical spine arthritis, full body pain, memory loss, fatigue, and severe foot pain with an onset date of January 31, 2006. Tr. 175–81, 183, 186–91, 228. Plaintiff later

amended the alleged onset date to November 15, 2010. Tr. 33–35. The Social Security Administration ("SSA") denied Plaintiff's applications in May 2013. Tr. 70–85. After timely requesting a hearing, Plaintiff appeared before Administrative Law Judge ("ALJ") Michael Stacchini on July 19, 2013. Tr. 27–61. On September 4, 2013, the ALJ found that Plaintiff suffered from the following severe impairments: fibromyalgia, obesity, a hernia, degenerative disc disease, generalized arthritis, a right ankle tear, asthma, and sleep apnea. Tr. 15–16. Nonetheless, the ALJ confirmed the denial of benefits, finding that, although Plaintiff was unable to perform any *past* relevant work, she retained the residual functional capacity ("RFC") to adjust to other work that exists in significant numbers in the national economy. Tr. 10–26.

Plaintiff appealed the ALJ's decision, and on January 28, 2015, the SSA's Appeals Council denied Plaintiff's request for review. Tr. 1–7. Plaintiff filed the instant action on March 26, 2015. Doc. 1. The parties thereafter cross-moved for judgment on the pleadings. *See* Docs. 25, 31.

## II. STANDARD OF REVIEW

A district court reviewing a magistrate judge's R&R "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise specific, written objections to the R&R "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the R&R to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the R&R to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). Here, Plaintiff objected to Judge Davison's recommended rulings regarding (1) the ALJ's determination that Plaintiff does not have an impairment that is medically equal to the

impairments listed in Appendix 1 of the regulations, and (2) the ALJ's grant of "little weight" to the opinions of Plaintiff's treating physician. Thus, the Court reviews these issues *de novo*.

This Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In reviewing a denial of disability benefits, however, the Court may not determine *de novo* whether an individual is disabled. *Id.* Rather, the Court may only reverse the ALJ's determination if it is based upon legal error or is not supported by substantial evidence. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999). "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If the ALJ's findings as to any fact are supported by substantial evidence, those findings are conclusive. *Diaz v. Shalala*, 59 F.3d 307, 312 (2d Cir. 1995). If, on the other hand, the ALJ's determination is not supported by substantial evidence or contains legal error, the determination must be reversed or remanded. *Rosa*, 168 F.3d at 77.

### III. DISCUSSION

#### A. Determining Disability

An individual is considered "disabled" under the Social Security Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to determine whether an individual is disabled, the Commissioner follows a five-step sequential evaluation process set out in 20 C.F.R. § 404.1520. "If at any step a finding of

disability or nondisability can be made, the [Social Security Administration] will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

At step one, the Commissioner determines whether the individual is engaged in any "substantial gainful activity;" if he is, he is not disabled. 20 C.F.R. § 404.1520(a)(4)(i), (b). At step two, the Commissioner determines whether the individual has a "severe impairment" that "significantly limits [his] physical or mental ability to do basic work activities;" if he does not, he is not disabled. *Id.* § 404.1520(c), (a)(4)(ii). At step three, the Commissioner determines whether the individual has an impairment that meets or equals one of those listed in Appendix 1; if he does, he is disabled. *Id.* § 404.1520(a)(4)(iii), (d). If he does not, the Commissioner will assess and make a finding about the individual's RFC—or "the most [he] can still do despite [his] limitations"—based on all the relevant medical and other evidence in his case record. *Id.* §§ 404.1520(e), 404.1545(a)(1). At step four, the Commissioner determines whether, considering his RFC, the individual can still do his past relevant work; if he can, he is not disabled. *Id.* § 404.1520(a)(4)(iv), (f). Finally, at step five, the Commissioner determines whether, considering his RFC, age, education, and work experience, the individual can make adjustment to other work; if he cannot make adjustment to other work, he is disabled, and if he can, he is not. *Id.* § 404.1520(a)(4)(v), (g).

### B. The ALJ's Decision

The ALJ's September 4, 2013 decision followed the standard five-step inquiry for determining disability. Tr. 14–15. In the first step, the ALJ determined that Plaintiff had not performed substantial gainful activity since the November 15, 2010 alleged onset date. Tr. 15.

At step two, the ALJ found that Plaintiff's medical issues—fibromyalgia, obesity, a hernia, degenerative disc disease, generalized arthritis, a right ankle tear, asthma, and sleep

4

apnea—rose to the level of "severe medically determinable physical or mental impairment" causing significant limitations to Plaintiff's ability to do basic work activities. Tr. 15–16.

At step three, the ALJ decided that, considering the medical severity of Plaintiff's impairments, Plaintiff did not meet or medically equate the "Appendix 1" impairments that compel a finding of disability. Tr. 16. In her motion for judgment on the pleadings, Plaintiff contends that the ALJ erred by not properly considering whether her obesity equals a listed impairment. Because Judge Davison recommends affirming the ALJ's determination, Plaintiff filed an objection to the R&R on this ground.

At step four, the ALJ found that based on the entire record, Plaintiff "has the residual functional capacity [RFC] to perform sedentary work, except that she requires the ability to sit and stand every 30 minutes provided she is not off task more than five percent of the workday." Tr. 16. In making that determination, the ALJ considered Plaintiff's allegations that she "can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. She can never climb ladders, ropes or scaffolds. She can frequently rotate, flex and extend her neck. She can frequently reach, handle and finger. She requires a handheld assistive device for uneven terrain or prolonged ambulation. She cannot withstand exposure to extreme cold, extreme heat or extreme humidity and must avoid concentrated exposure to atmospheric conditions. She cannot work in unprotected heights or with moving mechanical parts." *Id*.

In making the RFC determination, the ALJ gave "little weight" to the opinion evidence of Plaintiff's treating physician, Dr. Linda Shookster, due to "inconsistencies in her reports" and inconsistencies "with the record as a whole." Tr. 18. Plaintiff challenges the ALJ's determination to discount Dr. Shookster's opinions in her motion for judgment on the pleadings, and objects to Judge Davison's recommendation to affirm the decision.

While the ALJ determined that Plaintiff retained substantial RFC, he concluded that, based on expert testimony, she was unable to perform past relevant work. Nevertheless, in the final step of the inquiry, the ALJ concluded that considering Plaintiff's RFC, age, education, work experience, and expert testimony, Plaintiff could adjust to other work that exists in significant numbers in the national economy. Tr. 20. Therefore, the ALJ concluded, Plaintiff is not disabled and is not entitled to benefits. Tr. 20–21.

**C. Analysis of the ALJ's Decision and the R&R**

With respect to the portions of the R&R to which Plaintiff does not object, the Court finds that no clear error is apparent from the face of the record and adopts the recommended judgment. The Court reviews Plaintiff's two objections *de novo*.

In her motion for judgment on the pleadings and first objection to the R&R, Plaintiff argues that the ALJ erred in step three of the five-part inquiry by failing to properly consider whether her obesity equaled a listed impairment.[1] Pl.'s Mem. at 16–17. The SSA removed obesity from the list of impairments in October 1999. *Howe-Andrews v. Astrue*, No. 05 Civ. 4539 (NG), 2007 WL 1839891, at *7 (E.D.N.Y. June 27, 2007). Nonetheless, the ALJ must consider the effects of obesity in combination with other impairments throughout the five-step inquiry. *Walker v. Astrue*, No. 06 Civ. 5978 (NGG), 2009 WL 2252737, at *11 (E.D.N.Y. July 28, 2009). At step three, obesity can rise to the level of a listed impairment under certain circumstances. *Howe-Andrews*, 2007 WL 1839891, at *7. For example, Social Security Rule ("SSR") 02-1p provides that obesity alone may be a medically equivalent listed impairment if the claimant's obesity "results in an inability to ambulate effectively." *See* SSR 02–1p; *Walker*, 2009

---

[1] The Court notes that the R&R misinterpreted Plaintiff's challenge as relating to step four of the five-step inquiry, instead of step three. In other words, the R&R considers whether the ALJ properly considered Plaintiff's obesity in his determination of Plaintiff's RFC, not whether the ALJ properly considered whether Plaintiff's obesity equaled a listed impairment that automatically grants disability status.

6

WL 2252737, at *11. Plaintiff contends that the ALJ erred by failing to consider whether Plaintiff is entitled to a finding of medical equivalence on the ground that she is unable to ambulate effectively due to her obesity. Pl.'s Mem. at 17.

The Court finds that the ALJ gave proper consideration to Plaintiff's obesity throughout the five-step disability inquiry, including step three. At the outset, the ALJ explicitly noted that he considered Plaintiff's "severe impairment of obesity" in line with SSR 02-1p. Tr. 18 ("In reviewing the medical evidence of record and the claimant's testimony, the undersigned has considered claimant's severe impairment of obesity in line with Social Security Ruling 02-1p."). The ALJ found that despite Plaintiff's obesity, the record "does not support a finding that obesity has a significant effect on [her] ability to perform routine movement, or necessary physical activity within the work environment or any other effects on [her] ability to work beyond the limitations in the residual function capacity, including a sedentary exertional level with postural limitations." Tr. 18.

Moreover, in determining that Plaintiff was not disabled, the ALJ specifically considered evidence of Plaintiff's walking abilities. For example, he cited a report by Dr. Lathan explaining that Plaintiff had a "normal gait but could not walk on her heels and toes and could not squat," she had a normal "stance," "she used no assistive device," and her "cervical spine showed full flexion, extension, lateral flexion and full rotary movements bilaterally." Tr. 18. The ALJ also found that Plaintiff only required a "hand-held assistive device for uneven terrain or prolonged ambulation." Tr. 16. Furthermore, as Defendant indicates, the ALJ's failure to specifically discuss her obesity at step three of the inquiry does not warrant remand. *See Guadalupe v. Barnhart*, No. 04 Civ. 7644 (HB), 2005 WL 2033380, at *6 (S.D.N.Y. Aug. 24, 2005). An ALJ's "final determination can constitute an appropriate consideration of the effects of obesity if it properly weighs evaluations by doctors that have accounted for the claimant's obesity." *Cruz v.*

7

*Astrue*, 941 F. Supp. 2d 483, 499–500 (S.D.N.Y. 2013) (internal quotation marks and citation omitted). Here, the ALJ's final determination properly relied on medical evaluations establishing that Plaintiff, despite her obesity, had a normal gait, used no assistive device to walk, and had full flexion of her cervical spine. Accordingly, the Court affirms the ALJ's step three analysis.

Next, Plaintiff argues that the ALJ erred when he gave "little weight" to the opinions of Plaintiff's treating physician, Dr. Linda Shookster, in his findings regarding Plaintiff's RFC. Tr. 18. Pursuant to the "Treating Physician Rule" a treating physician's opinion will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in . . . [the] record." 20 C.F.R. § 416.927(c)(2); *see also Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000). In his decision, the ALJ discounted Dr. Shookster's three opinions on the grounds that they were inconsistent with each other, with Dr. Shookster's contemporaneous exam notes, and with the medical record as a whole. Tr. 18.

Plaintiff argues that the ALJ erred in finding that Dr. Shookster's three opinions were contradictory. Pl.'s Mem. at 21. Judge Davison agreed. R&R at 30. Nonetheless, Judge Davison found that the ALJ did not err in discounting Dr. Shookster's opinions because the ALJ also found contradictions between Dr. Shookster's opinions and her contemporaneous treatment notes. *Id*. Under Second Circuit law, an ALJ is not obligated to afford a treating physician's opinion controlling weight when the treating physician's opinion conflicts with her own treatment notes. *Cichoki v. Astrue*, 534 Fed. App'x 71, 74–75 (2d Cir. 2013) ("Because [the treating physician's] medical source statement conflicted with his own treatment notes, the ALJ was not required to afford his opinion controlling weight.").

Plaintiff argues that upon concluding that the ALJ was mistaken in finding that Dr. Shookster's opinions contradicted each other, Judge Davison should have automatically

recommended that the ALJ's decision be vacated and the matter remanded. Pl.'s Objections at 5. According to Plaintiff, because the ALJ heavily relied on an "illusory conflict in his decision," it is possible he would have given more weight to Dr. Shookster's opinions if the error had been corrected. *Id*. Plaintiff also argues that the purported inconsistencies between Dr. Shookster's contemporaneous treatment notes and opinions are "highly selective, incomplete, and unpersuasive." *Id*. at 6.

Plaintiff's objection ignores the role of the Court in reviewing the Commissioner's denial of disability benefits. As stated, the Court may only reverse the ALJ's determination if it is based upon legal error or is not supported by substantial evidence. Plaintiff is not arguing that the ALJ applied the wrong legal standard, thus the Court presumes she challenges the ALJ's determination on the ground that it lacks substantial evidence. Thus, if there is substantial evidence supporting the ALJ's decision to discount Dr. Shookster's opinions on any permissible ground, the ALJ's misinterpretation of Dr. Shookster's opinion is inconsequential. *See* R&R at 30.

The Court finds that there is substantial evidence of inconsistencies between Dr. Shookster's opinions and her contemporaneous treatment notes. For example, Dr. Shookster's February 1, 2012 opinion stated that Plaintiff could occasionally lift or carry no more than 10 pounds, could sit for no more than two hours, could stand and/or walk for no more than two hours, and had limited use of her extremities. Tr. 744–47. However, her December 28, 2011 treatment notes indicated that Plaintiff's neck was normal and that she received a five out of five on her neurological exam. Tr. 725. While Dr. Shookster indicated that Plaintiff had cervical and spine tenderness and 9 fibromyalgia points, Tr. 726, it was reasonable for the ALJ to conclude that Dr. Shookster's otherwise unremarkable treatment notes were incompatible with the significant limitations she subsequently reported in her opinion.

Similarly, Dr. Shookster's March 31, 2012 notes do not indicate that Plaintiff had any significant musculoskeletal or neurological limitations, other than indicating some cervical and spine tenderness consistent with fibromyalgia. Tr. 729. However, Dr. Shookster's opinion nine days later limited Plaintiff's ability to lift and carry to no more than 10 pounds, stand and/or walk for no more than two hours, sit for less than six hours, and reported that Plaintiff had limited use of her upper extremities. Tr. 559–60. Here too, it was reasonable for the ALJ to conclude that Dr. Shookster's examination notes were out of step with her subsequent opinion.

Accordingly, the Court finds that the ALJ's determination that Dr. Shookster's opinions were inconsistent with her contemporaneous treatment notes was based on substantial evidence, and affirms the ALJ's decision to give "little weight" to Dr. Shookster's opinions.

## IV. CONCLUSION

With respect to the portions of the R&R that Plaintiff challenges, the Court affirms the corresponding determinations of the ALJ. With respect to the portions of the R&R to which Plaintiff does not object, having so reviewed Judge Davison's thorough R&R, the Court finds no error, clear or otherwise. The Court therefore ADOPTS Judge Davison's recommended judgment regarding the cross-motions for judgment on the pleadings. The Clerk of the Court is respectfully directed to enter judgment, terminate the motions (Doc. 25, Doc. 31), and close this case.

It is SO ORDERED.

Dated: August 15, 2017
New York, New York

Edgardo Ramos, U.S.D.J.